IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, July 18, 2003

## JAMES P. LEA v. LINDA GAYLE LEA

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 98D2121      Hon. W. Neil Thomas, III., Circuit Judge**

**FILED AUGUST 19, 2003**

**No. E2003-00041-COA-R3-CV**

Husband asked Trial Court to terminate alimony obligation, and the amount of alimony was reduced. On appeal, we affirm, as modified.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Mark G. Rothberger, Chattanooga, Tennessee, for Appellant.

Selma Cash Paty, Chattanooga, Tennessee, for Appellee.

### OPINION

In this action to terminate the husband's alimony obligation, the Trial Judge reduced the amount of alimony to the wife, and the husband has appealed.

The husband has raised these issues on appeal:

1.      Whether the rebuttable resumption of Tenn. Code Ann. § 36-5-101(a)(3) was rebutted by the alimony recipient?

2.      Whether alimony was set in accordance with Tenn. Code Ann. § 36-5-101(d)(1)?

The wife raises the following issue on appeal:

Whether the Court erred in failing to award Ms. Lea Judgment for $1,900.00 in back support?

The parties were divorced in 1999 after a twenty-two year marriage. At the time of trial the wife was 48 years old with a college degree in home economics and had worked for 25 years for the Sara Lee Bakery until November 2002, when her position was eliminated during a corporate takeover and transfer of administrative offices to another state. As a severance package she received 25 weeks' salary, or $13,600.00 and had a 401(k) worth $30,200.00 and a defined benefit pension plan and was eligible for 26 weeks unemployment compensation at $240.00 per week.

The trial of the case was on November 22, 2002, and the parties did not dispute that John Morgan had resided with Ms. Lea since December 2000 or January 2001. Morgan is a lead mechanic at Sara Lee, earning $14.80 per hour. He has a second, part time job driving a truck, which pays him $.31 per mile, and he owns a residence which he rents out for $400.00 per month. Morgan pays the phone and cable bill for Ms. Lea, buys some of the groceries, and does various chores and maintenance and repairs around the house. Ms. Lea testified she does not give Morgan any money or contribute to his support, and they have taken a Carribean cruise, a trip to Hawaii, and weekend in Gatlinburg in the last two years.

The Trial Court filed a Memorandum Opinion and said:

. . . The focal point of the hearing was whether T.C.A. § 36-5-101(a)(3) operates to terminate the alimony obligation of Mr. Lea. That section reads in pertinent part as follows:

> (A)(3) In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttable presumption is thereby raised that:
>
> > (A) The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse.
>
> > It was undisputed at the hearing that Mrs. Lea has cohabited since January, 2001, with John Morgan, an engineer with Sara Lee who makes $14.82 per hour. Mr. Morgan does not pay her rent, but he does pay her telephone, cable and food bills, performs chores around the home and pays for vacations. He has also been intimate with Mrs. Lea. Based upon her income and expense statement, the Court finds that Mr. Morgan pays for at least $325 of Mrs. Lea's expenses and should pay for one-half of the mortgage, or 331. If vacations are included, Mrs. Lea has, or should have, the benefit of $1,000 in expense reimbursement from Mr. Morgan per month.

The Court, after mentioning that the presumption is rebuttable, said:

. . . Because the court file does not disclose the amount of Mrs. Lea's expenses at the time of the divorce in 1999, the Court will assume that they are roughly the same as they were at the present time. At the present time, therefore, the alimony obligation of $1,000 per month constitutes 33.5% of Mrs. Lea's expenses. If those expenses are reduced by $1,000 referred to above, which is an estimate of the expenses of Mrs. Lea which are or should be being paid by Mr. Morgan, then the alimony obligation of Mr. Lea will be reduced to $665 per month. In addition the $750 in futuro obligation will constitute 25% of her expenses, and will, therefore, be reduced to $187.50 per month.[1]

The evidence does not preponderate against the Trial Court's factual determinations. Tenn. R. App. P. 13(d).

Modification of alimony awards are factually driven, requiring the Trial Court to balance many factors for which he is given wide discretion and latitude. *Bogan v. Bogan,* 60 S.W.3d 721, 727 (Tenn. 2001). *Also see: Campanali v. Campanali,* 695 S.W.2d 193, 195 (Tenn. Ct. App. 1985).

Under the statute, cohabitation creates a presumption that shifts the burden of proof to the cohabiting spouse to demonstrate that he or she is not giving support to, or receiving support from the third party. *Isbell v. Isbell,* 816 S.W.2d 735, 739 (Tenn. 1991). Once cohabitation is established, it is incumbent upon the recipient of alimony to show that he or she needs the previous amount awarded. *Azbill v. Azbill,* 661 S.W.2d 682, 687, (Tenn. Ct. App. 1983). In this case, the Trial Court found the wife was receiving economic benefits from Mr. Morgan in the approximate amount of $1,000.00 per month. But the record also shows that she is still in need to support and on this record, we affirm the Trial Court's ruling on this issue. Upon remand, the Decree will be modified to show the reduction in the award is characterized as a suspension *pro tanto* of the original alimony award.

The husband also argues that the alimony should be reduced because of an inheritance received by Ms. Lea subsequent to the divorce. In this regard, the Trial Court said:

[T]he Court believes that because the fact of inheritance was foreseen, the inheritance cannot be considered a substantial and material change of circumstance.

The Trial Court correctly determined on facts, that the inheritance was not a material change of circumstance. *See Campbell v. Campbell,* 1998 WL 959669 at *4 (Tenn. Ct. App. Nov. 4, 1998).

Finally, the husband argues that he has had a decrease in income. The husband did not establish that he had been rendered financially unable to pay the alimony award. He did take a decrease

---

[1]The divorce Decree provided that the husband would pay the sum of $1,700.00 per month through August, 2000. Starting September 1, 2000, the alimony would be reduced to $1,500.00 per month for nine months, or until the house is sold, whichever occurred first, and at that time the rate of alimony would be $1,000.00 per month for thirty-six months, then payments would be reduced to $750.00 per month in futuro, and would terminate upon wife's remarriage or death of either party.

in compensation upon moving from J.C. Bradford to Merrill Lynch, but the evidence at the hearing was that this was expected to be only a temporary setback, and it was fully anticipated that he would shortly regain and improve upon his earnings, as evidenced by a $160,000.00 signing bonus. The Trial Court properly determined that the husband had not experienced a significant decrease in income.

The wife counter-claimed that husband owed $1,900.00 in back alimony payments. The Court found the arrearage was stipulated at $1,200.00, but made no finding as to whether the amount should be paid. The husband does not address this issue in his brief and, upon remand, an Order will be entered requiring the husband to pay the wife the $1,200.00 in back alimony payments.

The cost of the appeal is assessed to James P. Lea, and the cause is remanded to enter an order consistent with this Opinion and no attorney's fees are awarded to either party.

_____
HERSCHEL PICKENS FRANKS, J.